IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES TYRONE SMITH,**

        **Petitioner,**

**v.**

                                                **Criminal Action No. 2:11cv47**
                                                **(Judge Bailey)**

**TERRY O'BRIEN,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 16, 2011, the *pro se* petitioner filed a "Notice and Demand for Discharge of Judgment." The pleading was docked as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 17, 2011, the Clerk of Court sent the petitioner a Notice of Deficient Pleading. On July 1, 2011, the petitioner filed a Court-approved form Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On October 5, 2011, the petitioner paid the $5.00 filing fee.

### II. FACTS

**A.    Conviction and Sentence**

On February 10, 1997, following a jury trial, the petitioner was convicted of bank robbery by force in the United States District Court for the Western District of Wisconsin. On April 2, 1997, the petitioner was sentenced to 210 months in prison. On January 8, 1998, the Court of Appeals affirmed the judgment of the District Court. On November 25, 1999, the petitioner filed a Motion under 28 U.S.C. § 2255. On February 4, 2000, the Motion was denied as untimely. On April 21, 2000, the petitioner's appeal of this denial was dismissed. See Criminal Docket For Case #3:96-

cr-00076-lsa-1.[1]

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. It appears that he contends that he has been imprisoned for debt in prohibition of the Thirteenth Amendment to the United States Constitution which prohibits slavery or involuntary servitude. The petitioner also alleges that involuntary servitude constitutes "imprisonment for debt." The petitioner argues that the "Magistrate Judge of [t]his Court has a ministerial duty to DISCHARGE said Judgment and debt in accord with 28 U.S.C. §§ 2007, 2717, 3206, 3201(d), 3008 and 28 U.S.C. § 2041." (Doc. 1, p. 1). The petitioner maintains that he has delivered the "Penal Bond" to the Secretary of the Treasury. For relief, the petitioner seeks to "DISCHARGE this Judgment in accord with the statutes based upon Secured Party's capacity on behalf of the Debtor/Plaintiff with the presented commercial registered Securities to effectuate said discharge, without prejudice and in accord with law." (Doc. 1-3, p. 7) In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

---

[1]The docket is available for viewing on PACER.

## IV. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE** and dismissed from the docket.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** October 6, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE