IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES TYRONE SMITH,

      Petitioner,

v.                           CIVIL ACTION NO. 2:11cv47
                                    (Judge Bailey)

TERRY O'BRIEN,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 16, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On October 5, 2011, the petitioner paid the $5.00 filing fee. On October 6, 2011, the undersigned filed a Report and recommendation that the petition be denied as unintelligible. On October 5, 2011, the petitioner mailed an Amended Petition to the Court which was received on October 11, 2011. The Amended Petition raises issues totally distinct from those of the original petition. Accordingly, the undersigned has conducted a review of the Amended Petition and hereby enters this Supplemental Report and Recommendation regarding the same.

### II. FACTS

On February 10, 1997, following a jury trial, the petitioner was convicted of bank robbery by force in the United States District Court for the Western District of Wisconsin. On April 2, 1997, the petitioner was sentenced to 210 months in prison. On January 8, 1998, the Court of Appeals affirmed the judgment of the District Court. On November 25, 1999, the petitioner filed a Motion under 28 U.S.C. § 2255. On February 4, 2000, the Motion was denied as untimely. On April

1

21, 2000, the petitioner's appeal of this denial was dismissed. See Criminal Docket For Case #3:96-cr-00076-lsa-1.[1] The petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the following grounds for relief: (1) the United States District Court for the Western District of Wisconsin lacked subject matter jurisdiction to entertain and execute judgment contrary to jury verdict because the alleged federal offense exceeded Congress's Constitutional authority as applied to him because 18 USC § 2113 was invalid under the 10th Amendment and infringed upon powers reserved to the States; (2) his Counsel failed to move for judgment of acquittal based upon Congress exceeding its powers by enacting 18 U.S.C. § 2113; (3) No valid International Contract was in force; (4) he is being detained based upon a fraudulent judgment.

### III. ANALYSIS

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 338, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See

---

[1]The docket is available for viewing on PACER.

Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

3

petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and his amended petition is an improperly filed §2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's amended §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 10-12-2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

4