**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JAMES TYRONE SMITH,**

      Petitioner,

**v.**                            **CIVIL ACTION NO. 2:11-CV-47**
                                         **(BAILEY)**

**TERRY O'BRIEN,**

      Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION AND SUPPLEMENTAL REPORT AND RECOMMENDATION

## I.   Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation and the Supplemental Report and Recommendation of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel has filed two R&Rs. In the first R&R [Doc. 15], filed October 6, 2011, the magistrate judge recommends that this Court deny the petitioner's original § 2241 petition as unintelligible. In his second R&R [Doc. 20], filed October 13, 2011, the magistrate judge recommends that this Court deny the petitioner's amended § 2241 petition as a § 2255 motion improperly filed pursuant to § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's first R&R were due on October 24, 2011. Objections to the magistrate judge's second R&R were due on November 7, 2011. The petitioner timely objected to the first R&R on October 17, 2011 [Doc. 22], and to the second R&R on October 24, 2011 [Doc. 23]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&Rs for clear error.

## II.    Procedural History

On February 10, 1997, the petitioner was convicted by a jury of bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), in the United States District Court for the Western District of Wisconsin. On April 2, 1997, the petitioner was sentenced to 210 months imprisonment. On December 15, 1997, the United States Court of Appeals for the Seventh Circuit affirmed the petitioner's conviction by published opinion. *See **United States v. Smith***, 131 F.3d 685 (7th Cir. 1997). Since then, the petitioner has filed various challenges to his conviction and sentence under 28 U.S.C. § 2255 and other provisions, without success.

On June 16, 2011, the petitioner filed a Notice and Demand for Discharge of

Judgment [Doc. 1] in the United States District Court for the Northern District of West Virginia. The petitioner then refiled his claims on a court-approved Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 1, 2011 [Doc. 1-3] (the "original § 2241 petition"). In the section reserved for explaining his grounds for relief, the petitioner states in whole:

> The only relief sought is DISCHARGE OF JUDGMENT in USA v. JAMES T SMITH USDC WD WISCONSIN - INDICTMENT # 96-CR-76-C-1 / JUDGMENT # 96-cr-76-c-1/ 3:96-cr-00076-1sa-1 in accord with 28 USC § 2007(b), 28 USC § 2041 and 28 USC §§ 2717 & 3008. / 01-16-03 Above gov't presentments Accepted for Value and Discharge, Settlement & Closure of Account $96-CR-0076-C-1, MN SOS UCC OFFICE File #20036264638.

(Id. at 4).

In the section reserved for supporting facts, the petitioner states in whole:

> 4/25/05 Amended Filing - MN SOS UCC FILE OFFICE #200515512110 assigned transaction to AUSA for full satisfaction & accord with Banker's Acceptance making all aprties [sic] whole. U.S. today remains in dishonor based upon failure to accept above commercial presentments, thereby failing to state a claim were relief can be granted, causing present imprisonment of involuntary servitude, 13th Amendment Prohibition and 28 USC § 2007- preventing DISCHARGE OF DEBT.

(Id. at 4-5).

Finally, in the section reserved for specifying the relief he requests, the petitioner states in whole:

> DISCHARGE this Judgment in accord with the statutes based upon Secured Party's capacity on behalf of the DEBTOR/Plaintiff with the presented

commercial registered Securities to effectuate said discharge, without prejudice and in accord with the law.

(Id. at 7).

On October 6, 2011, Magistrate Judge Joel entered his first R&R, recommending that this Court deny the petitioner's original § 2241 petition as unintelligible [Doc. 15]. In particular, upon a review of the petition, the magistrate judge concluded that "the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant." (Id. at 2). On October 17, 2011, the petitioner objected to Magistrate Judge Joel's first R&R [Doc. 22].

On October 12, 2011, the petitioner filed an Amended Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 18]. In this filing, the petitioner attacks the validity of his conviction on the following bases: (1) the United States District Court for the Western District of Wisconsin lacked subject matter jurisdiction to entertain and execute judgment contrary to the jury verdict because the alleged federal offense exceeded Congress' constitutional authority, as applied to him, because the charging statute was invalid under the 10th Amendment to the Constitution of the United States and infringed upon powers reserved to the States; (2) his trial counsel was ineffective for failing to move for a judgment of acquittal based upon Congress exceeding its powers by enacting the charging statute; (3) there was no valid International Contract in force to give the district court personal jurisdiction; and (4) he is being imprisoned based upon a fraudulent judgment.

On October 13, 2011, Magistrate Judge Joel entered his second R&R, recommending that this Court deny the petitioner's amended § 2241 petition as a § 2255

motion improperly filed pursuant to § 2241 [Doc. 20].  Specifically, the magistrate judge noted that the petitioner's claims challenge the legality of his conviction, an area reserved for a § 2255 motion.  (Id. at 2).  In addition, the magistrate judge concluded that the petitioner had not met his burden of demonstrating that the § 2255 remedy is inadequate or ineffective, as required by the § 2255 savings clause to permit his use of a § 2241 petition.  (Id. at 3-4).  On October 24, 2011, the petitioner objected to Magistrate Judge Joel's second R&R [Doc. 23].

III.    **Discussion**

A.    **First R&R**

Upon a *de novo* review of the petitioner's original § 2241 petition, this Court agrees with the magistrate judge that the same is unintelligible.  The only common thread of argument that this Court can discern from the petitioner's original § 2241 petition and his objections is a claim that he is being imprisoned in violation of the 13th Amendment to the Constitution of the United States.  The 13th Amendment prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted . . .."  However, the record is perfectly clear that the petitioner was duly convicted of bank robbery by intimidation and is being punished for that crime in the form of a term of imprisonment of 210 months, which is projected to expire on April 23, 2012, according to the Federal Bureau of Prisons website.  Otherwise, the petitioner has failed to adequately explain how his imprisonment violates the 13th Amendment.  Accordingly, the petitioner's objections to the magistrate judge's first R&R are **OVERRULED**.

**B.     Second R&R**

Upon a *de novo* review of the petitioner's amended § 2241 petition, this Court agrees with the magistrate judge that the same is a § 2255 motion improperly filed pursuant to § 2241.  First, this Court agrees that the claims contained in the amended § 2241 petition concern the legality of the petitioner's conviction, an area reserved for a § 2255 motion. Consequently, the petitioner may only proceed pursuant to § 2241 if he can demonstrate that he is entitled to application of the savings clause in § 2255.  Second, this Court agrees that the petitioner has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy.

The Fourth Circuit has explained that § 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Even assuming satisfaction of the first and third elements of ***Jones***, there can be no question that robbing a bank by intimidation remains a criminal offense.  See 18 U.S.C. 2113(a) (2012).  As such, the petitioner cannot satisfy the second element of ***Jones*** required to demonstrate that § 2255 is an inadequate and ineffective remedy.  Thus, the petitioner's amended § 2241 petition is undoubtedly a § 2255 motion improperly filed

6

pursuant to § 2241. Accordingly, the petitioner's objections to the magistrate judge's second R&R are **OVERRULED**.

IV.    <u>Conclusion</u>

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** and Supplemental Report and Recommendation **[Doc. 20]** should be, and are, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Docs. 22 & 23]** are **OVERRULED**. Accordingly, the petitioner's original and amended § 2241 petitions **[Docs. 1 & 18]** are hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability regarding either petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 9, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE